IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40827
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE SANCHEZ-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas

--------------------
January 24, 2003
Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

     Jose Sanchez-Garcia (Sanchez) appeals the sentence following

his guilty-plea conviction for being found in the United States

after a prior deportation, in violation of 8 U.S.C. § 1326(a) and

(b).  He argues that the district court erred in going beyond the

statute of conviction and the charging instrument to determine

that a 16-level increase in his offense level was warranted under

U.S.S.G. § 2L1.2(b)(1)(A)(vii).  He contends that the reasoning

from our decisions interpreting the "career offender" guidelines,

U.S.S.G. §§ 4B1.1 and 4B1.2, should be applied, which limit

consideration to the conduct charged in the indictment, rather

than the underlying conduct of the offense.  See, United States v. Gaitan, 954 F.2d 1005, 1009-11 (5th Cir. 1992); United States v. Fitzhugh, 954 F.2d 253, 254-55 (5th Cir. 1992).

Our holdings in Gaitan and Fitzhugh were based on specific language contained in the commentary to U.S.S.G. § 4B1.2, limiting the sentencing court's inquiry to the conduct alleged in the indictment in determining whether the enhancement applies. Neither U.S.S.G. § 2L1.2 nor its commentary contains such limiting language.  Furthermore, U.S.S.G. § 1B1.3 instructs that when determining the defendant's "specific offense characteristics" under Chapter Two of the Guidelines, "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."  U.S.S.G. § 1B1.3, comment. (backg'd).  We conclude, therefore, that the district court did not misapply U.S.S.G. § 2L1.2(b)(1)(A)(vii).

Sanchez also contends that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Sanchez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.  The judgment of the district court is AFFIRMED.