United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41633
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALEJANDRO LOPEZ-MORENO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-449-1
--------------------

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Alejandro Lopez-Moreno ("Lopez") appeals his sentence
following his conviction for being found in the country after
having been deported following an aggravated-felony conviction.
8 U.S.C. § 1326.  He argues that (1) the district court
impermissibly looked beyond the elements of the offense described
in Lopez's prior indictment to determine whether the prior

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction was for an alien-smuggling offense for profit warranting the 16-offense-level increase under U.S.S.G. § 2L1.2(b)(1)A)(vii); (2) the prior offense was for the transportation of aliens and not alien smuggling; and (3) the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The district court did not err in not taking a categorical approach to determine whether Lopez's prior conviction was an alien-smuggling offense for profit. The court could look beyond the elements of the prior offense to determine whether it satisfied the requirements of § 2L1.2(b)(1)(A)(vii). See United States v. Sanchez-Garcia, 319 F.3d 677, 678 (5th Cir. 2003); United States v. Rodriquez-Duberney, __ F.3d __, 2003 WL 1505935, *2-3 (5th Cir. March 25, 2003).

Lopez's arguments that his prior conviction for transporting aliens was not a alien-smuggling offense and that § 1326(b)(1) and (2) are unconstitutional in light of Apprendi are foreclosed by United States v. Solis-Campozano, 312 F.3d 164, 166-67 (5th Cir. 2002), petition for cert. filed, No. 02-9474 (March 6, 2003), and Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 239-47 (1998). The sentence imposed by the district court is AFFIRMED.