United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-50898
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

                              **Plaintiff-Appellee,**

**versus**

**JAIME REYES-ANCHONDO,**

                              **Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-219-ALL-DB
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[1]

     Jamie Reyes-Anchondo (Reyes) appeals his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b). He contends that the district court erred by going beyond the statute of conviction and the indictment of his previous alien-smuggling offense to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii) for alien-smuggling "for profit."

_____

     [1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also contends that his present indictment was defective for failing to allege that the prior offense was for profit.

When determining whether an offense-level increase under U.S.S.G. § 2L1.2 is warranted, the district court is not limited to the conduct charged in the indictment of the prior offense, but may go beyond the statute of conviction and charging instrument to determine whether the increase is warranted. United States v. Sanchez-Garcia, __ F.3d __ , No. 02-40827 (5th Cir. Jan. 24, 2003), 2003 WL 164156, *1. The court did not err by looking beyond the statute and indictment of Reyes's prior conviction to consider a penalty-notice enhancement and Presentence Report (PSR) from the prior case, both of which indicated that the prior offense was committed for profit. The district court did not misapply the guidelines.

Reyes failed to offer any rebuttal evidence to show that "the PSR's information is materially untrue, inaccurate or unreliable." See United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001). Absent any such rebuttal evidence, the district court could properly rely on the PSR to establish the sentencing range. See id.; United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). The district court did not err by finding that the prior offense was committed for profit.

Reyes's claim that the for-profit factor was required to be alleged in the indictment is foreclosed by Apprendi v. New Jersey,

530 U.S. 466 (2000) and <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). Because the prior conviction itself need not have been alleged in the indictment, neither did the for-profit factor, which merely affected the sentence within the statutory range already warranted by the prior conviction. <u>See</u> 8 U.S.C. § 1326(b); U.S.S.G. § 2L1.2(b)(1); <u>United States v. Keith</u>, 230 F.3d 784, 786-87 (5th Cir. 2000) (<u>Apprendi</u> affords no relief when sentence enhanced within statutory range).

The district court's judgment is **AFFIRMED.**