United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 03-40470
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

                        versus

NOE DEL VALLE, also known as Blas Dimas Lozano,
also known as Edward Barrera, also known as FNU LNU,

      Defendant-Appellant.

————————————————

Consolidated with
No. 03-40487

————————————————

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

                        versus

NOE DEL VALLE-MEJIA, also known as Blas Dimas Lozano,
also known as Edward Barrera, also known as Alberto
Mendoza-Meza,

      Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-318-1
USDC No. B-02-CR-323-ALL

————————————————

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noe Del Valle ("Del Valle"), also known as Noe Del Valle-Mejia, appeals from his guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He also appeals from the revocation of his supervised release, which was imposed as a result of his illegal reentry.

Del Valle has not raised in his opening brief any error with respect to the district court's revocation of his supervised release. Accordingly, he has abandoned that issue on appeal.[1]

With respect to his sentence for illegal reentry, Del Valle argues that the district court erred in going beyond the statute of conviction and the charging instrument for his prior offense to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii). As Del Valle concedes, this argument is foreclosed by our decision in *United States v. Sanchez-Garcia*,[2] where we held that a district court is not limited to the statute of conviction and charging instrument in determining whether an increase is warranted under §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

[2] 319 F.3d 677 (5th Cir.), *cert. denied*, No. 03-5581, 2003 WL 21801681 (U.S. Oct. 6, 2003).

2L1.2(b)(1)(A)(vii).  Thus, the 16-level increase to Del Valle's offense level was not error.

Del Valle also challenges the 16-level increase in his offense level on the basis that his 2001 conviction for transporting a certain alien within the United States is not an "alien smuggling offense" for purposes of § 2L1.2(b)(1)(A).  He acknowledges that this argument is foreclosed by *United States v. Solis-Campozano*,[3] where we held that the term "alien smuggling offense" includes the offense of transporting aliens within the United States.  Thus, the 16-level increase to Del Valle's offense level was not error.

Finally, Del Valle argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because a prior felony conviction is an element of the offense of illegal reentry, not merely a sentence enhancement, and should have been charged in the indictment and proven beyond a reasonable doubt.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*,[4] but he seeks to preserve it for possible further review in light of *Apprendi v. New Jersey*.[5]  *Apprendi* did not overrule

---

[3] 312 F.3d 164, 167-68 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1811 (2003).

[4] 523 U.S. 224, 239-47 (1998).

[5] 530 U.S. 466, 490 (2000).

3

*Almendarez-Torres*.[6]   We must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it."[7]

AFFIRMED.

---

[6] *Id*. at 489-90.

[7] *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000)(internal quotation marks and citation omitted).