United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11128
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN CARLOS SALGADO-RODRIGUEZ,
also known as Miguel Cortez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-400-ALL-P
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

    Juan Carlos Salgado-Rodriguez ("Salgado") appeals the

sentence he received following his guilty-plea conviction for

illegal reentry, in violation of 8 U.S.C. § 1326.  He challenges

the 16-level enhancement he received because of his prior

aggravated felony conviction for aiding and abetting the

transportation of illegal aliens for profit, arguing that the

district court erred when it looked beyond the indictment

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

charging him with transporting aliens and considered information in his prior presentence report ("PSR") to increase his sentence under U.S.S.G. § 2L1.2(b)(1)(C).  This issue is foreclosed. United States v. Sanchez-Garcia, 319 F.3d 677 (5th Cir.), cert. denied, 124 S.Ct. 311 (2003).

Salgado also urges that his prior alien smuggling conviction should not have been used to enhance his sentence because it was an element of the offense which had to be charged in his indictment.  He acknowledges that his argument is barred by Almendarez-Torres v. United States, 523 U.S. 224 (1998) but urges that Almendarez-Torres was effectively overruled a majority of the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000).**

Salgado's prior conviction was not an element of the offense but is a sentencing factor which need not be alleged in the indictment.  See Almendarez-Torres, 523 U.S. at 235; see also § 2L1.2(b)(1)(C).  Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

The district court's judgment is AFFIRMED.

---

** Salgado in turn concedes that this argument is foreclosed but seeks to preserve the issue for Supreme Court review.