United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40116
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LOREDO-TORRES,
also known as Juan Vega Perez,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1265-ALL
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Antonio Loredo-Torres appeals his sentence following his
guilty plea conviction for illegal entry in violation of 8 U.S.C.
§ 1325.

Loredo-Torres argues that the district court erred when it
relied on information contained in the presentence report (PSR)
to enhance his base offense level pursuant to U.S.S.G.
§ 2L1.2(b)(1)(A)(vii) based on a determination that he had a
prior conviction for an alien smuggling offense committed for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

profit. He concedes that his argument is foreclosed by United States v. Sanchez-Garcia, 319 F.3d 677, 678 (5th Cir.) cert. denied, 124 S. Ct. 311 (2003), which held that, to determine whether a defendant's prior conviction satisfied U.S.S.G. § 2L1.2(b)(1)(A)(vii), the district court was not limited to consideration of conduct charged in the indictment but could go beyond the statute of conviction and the charging instrument. Sanchez-Garcia forecloses Loredo-Torres' argument, and the district court did not err by considering the PSR to determine whether to apply U.S.S.G. § 2L1.2(b)(1)(A)(vii).

Loredo-Torres also argues that the district court erred when it applied U.S.S.G. § 2L1.2(b)(1)(A)(vii) because transportation of illegal aliens is not "alien smuggling." Loredo-Torres concedes that this claim is foreclosed by United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002), cert. denied, 538 U.S. 991 (2003), in which this court held that the term "alien smuggling offense," as used in U.S.S.G. § 2L1.2(b)(1)(A)(vii), includes the offense of transporting aliens within the United States. Based on Solis-Campozano, the 16-level increase to Loredo-Torres' offense level was not error.

The district court's judgment is AFFIRMED.