UNITED STATES of America, Plaintiff–Appellee,

v.

Lucia Del Carmen ORTIZ–DE BADILLO, Defendant– Appellant.

No. 04–40154. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Tito H. Alfaro, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

■■■■■■

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Lucia Del Carmen Ortiz–De Badillo appeals from her guilty-plea conviction for illegal reentry following deportation. Ortiz–De Badillo argues that the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by relying on the presentence report to determine that her prior conviction for alien smuggling was committed for profit. Ortiz–De Badillo concedes that this issue is foreclosed by *United States v. Sanchez–Garcia,* 319 F.3d 677 (5th Cir. 2003).

Ortiz–De Badillo argues that the district court erred when it applied U.S.S.G. § 2L1.2(b)(1)(A) because transportation of illegal aliens is not "alien smuggling." Ortiz–De Badillo concedes that this argument is foreclosed by *United States v. Solis-Campozano,* 312 F.3d 164 (5th Cir.2002).

For the first time on appeal, Ortiz–De Badillo argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ortiz–De Badillo concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Also for the first time on appeal, Ortiz–De Badillo argues that the district court erred in sentencing her under a mandatory sentencing guidelines scheme. *See United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). Ortiz–De Badillo acknowledges that this argument is reviewed for plain error, but argues that she does not have to show that the district court's error affected her substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1670813 (2005). The district court committed error that is plain when it sentenced Ortiz–De Badillo under a mandatory sentencing guidelines

regime. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1811485 (2005); *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005). Ortiz–De Badillo fails to meet her burden of showing that the district court's error affected her substantial rights. *See Valenzeuela–Quevedo,* 407 F.3d at 733–34; *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 816208 (2005); *see also United States v. Bringier,* 405 F.3d 310, 317 n. 4 (5th Cir.2005), *cert. denied* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2005 WL 1801192 (2005).

AFFIRMED.