United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40116
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

                    versus

ANTONIO LOREDO-TORRES, also
known as Juan Vega Perez,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Laredo
USDC No. 5:03-CR-1265-ALL

_____

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[1]

    Antonio Loredo-Torres pleaded guilty to illegal entry in
violation of 8 U.S.C. § 1325.  The presentence report calculated
his base offense level as eight, pursuant to U.S.S.G. § 2L1.2(a).
Sixteen    levels    were    added,    pursuant    to    U.S.S.G.
2L1.2(b)(1)(A)(vii), because of a prior conviction for aiding and
abetting the illegal transportation of aliens.  Loredo-Torres did
not object to the enhancement.  Loredo-Torres received a three-

_____

    [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level reduction for acceptance of responsibility, resulting in a total offense level of 21, which resulted in a Guidelines imprisonment range of 57 to 71 months. Because the statutory maximum sentence was only two years, the district court sentenced Loredo-Torres to 24 months imprisonment.

On appeal, Loredo-Torres argued that the district court erred by relying on information contained in the presentence report to enhance his base offense level based on a determination that he had a prior conviction for an alien smuggling offense committed for profit. He also argued that the district court erred when it applied the enhancement because transportation of illegal aliens is not "alien smuggling". He conceded that those contentions were foreclosed by United States v. Sanchez-Garcia, 319 F.3d 677, 678 (5th Cir. 2003), and United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002). This court affirmed his sentence. United States v. Loredo-Torres, 110 Fed. Appx. 445 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Loredo-Torres v. United States, 125 S.Ct. 1421 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Loredo-Torres argues that we should pretermit the Booker issue and remand on the ground that the Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005), establishes that the district court misapplied the

2

Guidelines when it enhanced his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) based on his prior conviction for illegal transportation of aliens. The cases cited by Loredo-Torres in support of this contention are distinguishable, because none of them were remanded by the Supreme Court for further consideration in the light of <u>Booker</u>. The Supreme Court remanded Loredo-Torres's case for the specific purpose of further consideration in the light of <u>Booker</u>. When a case is remanded to this court from the Supreme Court with specific instructions, this court must confine its review to the limitations established by the Supreme Court's remand order. See <u>Gradsky v. United States</u>, 376 F.2d 993, 996 (5th Cir. 1967) ("Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered."); <u>United States v. Lee II</u>, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.").[2] Loredo-Torres's arguments regarding the misapplication of the guidelines are beyond the scope of the Supreme Court's remand and we will not consider them.

---

[2]The Government notes that Loredo-Torres referred to the "forthcoming Supreme Court decision in <u>Shepard</u>" in his petition for writ of certiorari. Because the Supreme Court's order in this case was issued on February 28, 2005, and the <u>Shepard</u> decision was issued on March 7, the Government ,maintains that the Court had to have been aware of the issue in <u>Shepard</u> when it issued the mandate in this case.

Loredo-Torres also contends that there was error under <u>Booker</u> because he was sentenced under the assumption of a mandatory Guidelines system.[3] He raised this issue for the first time in his petition for writ of certiorari. This court recently held that, in the absence of extraordinary circumstances, the court will not consider <u>Booker</u>-related arguments raised for the first time in a petition for a writ of certiorari. <u>United States v. Taylor</u>, No. 03-10167, 2005 WL 1155245 (5th Cir. May 17, 2005).

Because Loredo-Torres did not raise his <u>Booker</u>-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 43 (2005). There is no plain error because, as Loredo-Torres concedes, there is no evidence in the record indicating that the district court would have imposed a lesser sentence under advisory sentencing guidelines. Because Loredo-Torres has not shown plain error, he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting review of an

---

[3]Loredo-Torres acknowledges that the following issues are foreclosed by our precedent, but raises them to preserve them for further Supreme Court review: (1) that <u>Booker</u> error is structural, or at least presumptively prejudicial, thus obviating the need for a specific showing of prejudice; and (2) that this court's decision in <u>United States v. Bringier</u>, 405 F.3d 310 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 264 (2005), is inconsistent with (because it is more stringent than) the reasonable probability standard announced in <u>United States v. Dominguez-Benitez</u>, 124 S.Ct. 2333 (2004).

4

issue raised for the first time in a petition for certiorari". <u>Taylor</u>, 2005 WL 1155245, at *1.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Loredo-Torres's conviction and sentence.

JUDGMENT REINSTATED.