EDITH H. JONES, Chief Judge,
concurring:
I concur in Judge Barksdale’s careful opinion with two significant observations. First, I do not view his opinion as accepting the defendants’ contention that United States v. Sanchez-Garcia, 319 F.3d 677 (5th Cir.2003) (per curiam), was wrong because it eschewed the Taylor categorical approach for determining whether their prior alien-smuggling offenses were “committed for profit.”
Contrary to Defendants’ assertions, the § 2L1.2 “alien smuggling” enhancement, as it was in 2002, did not implicate the statutory elements of the underlying prior conviction in any way. See U.S.S.G. § 2L1.2(b)(1)(A)(vii) and application note 1(B)(i) (“ ‘Alien smuggling offense’ has the meaning given that term in ... 8 U.S.C. § 1101(a)(43)(N)”). Because the guidelines definition for immigration crimes was different from that in, e.g. career offender crimes, where the sentencing court’s inquiry is limited to the conduct alleged in the indictment, see United States v. Gaitan, 954 F.2d 1005, 1009-11 (5th Cir.1992); United States v. Fitzhugh, 954 F.2d 253, 254-55 (5th Cir.1992),[1] U.S.S.G. § 1B1.3 allows reference to other conduct, whether or not formally charged or an element of the offense of conviction. See Sanchez-Garcia, supra. Whether an alien smug *325 gling offense was committed “for profit” was therefore an extrinsic fact — not an element of the crime — on which the court could make a finding pursuant to § 1B1.3. I make this observation lest Taylor be urged — inappropriately—to apply outside its currently narrow domain. Even after Booker, were such a provision to be reimposed in the guidelines, a court could make the “for profit” determination, although the resulting guideline range would not be mandatory.
Second, as this case arises from a pre-Booker sentencing, we do not reach the issue whether the ex post facto clause can apply to a post-Booker sentence. A logical corollary to Booker would seem to be that the ex post facto clause does not apply if the sentence imposed by the court need not be harsher under later guidelines than it would have been under the guidelines in effect when the offense was committed. Post-Booker, the guidelines are informative, not mandatory. A purely advisory regulation does not present an ex post facto problem solely because it is traceable to Congress and will possibly disadvantage a defendant. This principle has been recognized by the Supreme Court with respect to the parole guidelines, see, e.g., Garner v. Jones, 529 U.S. 244, 256, 120 S.Ct. 1362, 1370, 146 L.Ed.2d 236 (2000); Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 511-13, 115 S.Ct. 1597, 1604-05, 131 L.Ed.2d 588 (1995), and I see no reason not to extend it to the present context.[2] Judge Posner persuasively adopted this view in United States v. DeMaree, 459 F.3d 791, 794-95 (7th Cir.2006).

. See also § 2L1.2(b)(l)(A)(ii) "crime of violence,” which we ultimately defined in terms of the elements of the prior conviction.

. But see United States v. Reasor, 418 F.3d 466 (5th Cir.2005). Reasor is not necessarily controlling, however, because it was decided shortly after Booker, and the sentence had to be reversed for reconsideration due to vacated convictions, regardless of ex post facto concerns.