**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**02-50079**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAIME SOLIS-CAMPOZANO,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**

_____

November 12, 2002

Before DAVIS and BARKSDALE, Circuit Judges, and AFRICK, District Judge[*].

RHESA HAWKINS BARKSDALE, Circuit Judge:

This appeal is from a sentence imposed under Sentencing Guidelines § 2L1.2(b)(1)(A)(vii)(2001) (16 level enhancement to offense level if defendant previously deported for "alien smuggling offense"). Primarily at issue is whether Jaime Solis-Campozano's prior conviction for _transporting aliens within the United States_ constitutes the requisite "alien smuggling offense" for the enhancement. **AFFIRMED.**

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

## I.

In September 2001, Solis-Campozano (Solis) pleaded guilty to one count of illegally reentering the United States, in violation of 8 U.S.C. § 1326(a), (b)(1).  *See* 8 U.S.C. § 1326(b) (increased sentence if alien earlier deported after felony conviction).  He was sentenced in January 2002 to, *inter alia*, 37 months' imprisonment.  In so doing, and pursuant to Guidelines § 2L1.2(b)(1)(A)(vii), the district court increased Solis' offense level by 16 because he had been earlier deported (in 2000), after being convicted for *transporting* illegal aliens for profit, in violation of 8 U.S.C. 1324(a)(1)(A)(ii).

## II.

Solis presents two issues:  whether "transporting" aliens within the United States is an "alien smuggling offense" for purposes of the Guideline at issue; and whether, in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), his sentence violates due process.  A district court's interpretation of the Sentencing Guidelines is reviewed *de novo*.  *E.g., **United States v. Cervantes-Nava***, 281 F.3d 501, 506 (5th Cir.), *cert. denied*, 122 S. Ct. 2379 (2002) .

### A.

Guidelines § 2L1.2(b)(1)(A)(vii), as amended in 2001, provides:  "If the defendant previously was deported ... after ... a conviction for a felony that is ... *an alien smuggling offense*

2

committed for profit, increase [offense level] by 16...."
(Emphasis added.) Unlike other prior convictions for which the
enhancement is applied under subpart (b)(1), such as "a drug
trafficking offense" or "a firearms offense", "an alien smuggling
offense" is not defined by the Guideline. *See* U.S.S.G. § 2L1.2,
cmt. n.1 (B)(iii), (v) (2001).

Under the pre-2001 version of § 2L1.2(b)(1)(A), the 16 level
enhancement required the prior conviction to have been an
"aggravated felony", as defined at 8 U.S.C. § 1101(a)(43)(N). *See*
U.S.S.G. § 2L1.2, cmt. n.1 (2000). That statutory definition
includes "an offense described in ... [8 U.S.C. § 1324(a)](1)(A) or
(2) ... (*relating to alien smuggling*)". 8 U.S.C. § 1101(a)(43)(N)
(emphasis added).

Again, Solis' prior conviction was for transporting illegal
aliens for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).
Our court has not held that such transportation *is* an alien
smuggling offense; we have noted, however, that it is *related to*
alien smuggling. *See **United States v. Monjaras-Castaneda***, 190 F.3d
326 (5th Cir. 1999), *cert. denied*, 528 U.S. 1194 (2000).

Solis contends: (1) the plain language of §
2L1.2(b)(1)(A)(vii) does not include "transporting" offenses; (2)
***Monjaras-Castaneda*** does not support the conclusion that
"transporting" is "alien smuggling"; (3) "smuggling" and
"transporting" are distinguished elsewhere in the guidelines and

3

statutes; and (4) pursuant to the rule of lenity, any ambiguity in the Guidelines must be resolved in his favor.

1.

In determining whether "an alien smuggling offense", as used in the Guideline, encompasses transporting aliens within the United States, the words of the Guideline are, of course, accorded their ordinary (plain) meaning. *E.g., **United States v. Lyckman***, 235 F.3d 234, 238 (5th Cir. 2000), *cert. denied*, 532 U.S. 986 (2001). No authority need be cited for the rule that such plain meaning controls, unless it leads to an absurd result.

Black's Law Dictionary defines "smuggling" as "the crime of importing or exporting illegal articles". BLACK'S LAW DICTIONARY 1394 (7th ed. 1999). Webster's Ninth New Collegiate Dictionary similarly defines the term; but, it also offers another definition: "to convey or introduce surreptitiously". WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1114 (1990). In short, the plain meaning of "smuggling" is not limited to "importing" and "exporting".

This is particularly true in the context of "alien smuggling". ***Monjaras-Castaneda*** stated: "The phrase 'relating to alien smuggling' [in 8 U.S.C. § 1101(a)(43)(N)] does describe the offenses in § 1324(a). All involve the transportation, movement, and hiding of aliens into *and within* the United States". 190 F.3d at 330 (emphasis added). Accordingly, "an alien smuggling offense"

4

as used in the Guideline includes transporting aliens within the United States.

Solis maintains, however, that *Monjaras-Castaneda* does not support treating "transporting aliens" as "an alien smuggling offense".  There, under the pre-2001 version of the Guidelines, defendant contested a sentence enhancement due to a previous conviction for transportation of aliens.  He contended that the parenthetical in the applicable definition in § 1101(a)(43)(N) — "relating to alien smuggling" — limited the scope of an aggravated felony under § 1324(a)(1)(A) or (2) to those that relate to alien smuggling.  As noted, our court stated that the parenthetical was meant to be descriptive of the general content of § 1324(a)(1)(A) and (2), not a limitation on the offenses described in them.  190 F.3d at 331.  Because the transportation of aliens was *related to* alien smuggling, our court held the enhancement was proper.  *Id*. at 330.

Again, *Monjaras-Castaneda* compels the conclusion that, pursuant to the plain meaning of the Guideline at issue, "transporting aliens" is an "alien smuggling offense" for purposes of the Guideline.  Restated, the Guideline includes Solis' prior "transporting" conviction.

In holding that the plain meaning controls, we reject Solis' reliance on the use of the term "smuggling" in other guidelines. Sections 2L1.1(b)(1), (2) impose enhancements "[i]f the offense

5

involved the smuggling, transporting, or harboring of ... aliens". Solis contends that this section, immediately preceding the one at issue, § 2L1.2, demonstrates that "transporting" is not "smuggling".

As noted, we disagree. First, § 2L1.1 does not speak of "an alien smuggling" offense, or of an "alien transporting" offense; it speaks of "smuggling, transporting, or harboring ... aliens". *See* U.S.S.G. § 2L1.1(b)(2). Second, the Guideline at issue, § 2L1.2, does not even mention "transporting" or "harboring" aliens, although such conduct equates with "smuggling" aliens; instead, it speaks only in general of "an alien smuggling offense", *not* the "offense of alien smuggling". *See* U.S.S.G. § 2L1.2 (b)(1)(A)(vii). This is the point brought home by our court's decision in ***Monjaras-Castaneda***.

Notwithstanding our holding that the plain meaning of the Guideline controls, we note that Solis cites 8 U.S.C. § 1227(a)(1)(E)(i) for the contention that "transporting" is not a smuggling offense. Section 1227(a)(1) establishes classes of aliens removable upon order of the Attorney General. One of these classes is defined in subsection (E), "smuggling". The statute allows the deportation of aliens who "knowingly ... encouraged, induced, assisted, abetted, or aided any other alien *to enter or try to enter* the United States in violation of law". 8 U.S.C. § 1227(a)(1)(E) (2002) (emphasis added). *See also* 8 U.S.C. § 1182

6

(a)(6)(E)(i) (defining alien "smugglers" who are not eligible for visas).

Concerning Solis' references to other guidelines and statutes, the Government responds that those references are not as persuasive as the language in the earlier-referenced 8 U.S.C. § 1324(a)(1)(A). As discussed, the pre-amendment § 2L1.2, through the definition in 8 U.S.C. § 1101(a)(43)(N), referenced § 1324(a)(1)(A) when describing offenses "related to alien smuggling". (Again, Solis' prior "transporting" conviction was pursuant to 8 U.S.C. § 1324(a)(1)(A)(ii).)

Section 1324(a)(1)(A) proscribes bringing aliens into the United States, *as well as* transporting them once here. The Government notes that the word "smuggling" is not used in § 1324(a)(1)(A). Therefore, it contends, each of the various offenses listed in that subpart — bringing to, transporting, etc. — is "an alien smuggling offenses" for purposes of the Guideline at issue — § 2L1.2(b)(1)(A)(vii). We agree.

Other circuits have held that § 1324(a)(1)(A) defines a general class of alien smuggling offenses. ***United States v. Sanchez-Vargas***, 878 F.2d 1163, 1169 (9th Cir. 1989), held all of the offenses enumerated in § 1324(a)(1)(A) are smuggling offenses. ("§ 1324(a)(1) now presents a single comprehensive 'definition' of the federal crime of alien smuggling"). *See also* ***United States v.***

*Salas-Mendoza*, 237 F.3d 1246, 1247 (10th Cir. 2001)(adopting Ninth Circuit's language).

### 2.

Solis urges that, to the extent there is ambiguity, the rule of lenity should be applied. *See, e.g.,* ***United States v. Granderson***, 511 U.S. 39, 54 (1994). There is no ambiguity.

### B.

As noted, Solis was convicted of illegally reentering the United States, in violation of 8 U.S.C. § 1326. He contends that his sentence pursuant to 8 U.S.C. § 1326(b) (earlier deported after felony conviction) violates due process because the prior felony conviction is an element that was not alleged in the indictment and increases his sentence above the statutory maximum.

***Almendarez-Torres v. United States***, 523 U.S. 224 (1998), held, however, that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing factors, not elements of separate offenses. 523 U.S. at 235. Moreover, this does not violate due process. ***Id***. at 247.

Solis acknowledges his claim is foreclosed by ***Almendarez-Torres***. He presents it only to preserve possible Supreme Court review in the light of ***Apprendi***, 530 U.S. at 490 (holding that any fact, with the exception of a prior conviction, that increases a sentence beyond the statutory maximum "must be submitted to a jury, and proved beyond a reasonable doubt").

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**