IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41484
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO MAURICIO LOPEZ-CANTU,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-555-1
--------------------
January 16, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leonardo Mauricio Lopez-Cantu appeals his guilty-plea
conviction and sentence for illegally reentering the United
States after a previous deportation subsequent to a conviction
for an aggravated felony.  Lopez argues that the district court
erred in relying on his aggravated-assault conviction in
increasing his offense level because Lopez was not deported after
that conviction.  Lopez alternatively argues that the increase in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his offense level cannot be based on his prior alien-smuggling convictions because the presentence report relied on by the district court did not establish that those convictions included as an element of the offense that they were committed for profit.

Lopez further argues that the district court erred in relying on Lopez's prior conviction for transporting undocumented aliens because that is not an alien-smuggling conviction under U.S.S.G. § 2L1.2. However, in his reply brief, Lopez concedes that this argument is foreclosed by this court's recent decision in United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002). Lopez states that he asserts the argument to preserve it for further review.

In Solis-Campozano, this court held that the term "alien smuggling offense," as used in the 16-level enhancement for a defendant who was previously deported for an alien smuggling offense, includes transporting aliens within the United States. 312 F.3d at 167-68. Thus, under Solis-Campozano, the 16-level increase to Lopez's offense level because Lopez previously was deported for transporting aliens within the United States was not error, plain or otherwise. Because the 16-level increase was proper given Lopez's prior conviction for transporting aliens within the United States, we do not consider whether the increase also was proper based on Lopez's other prior convictions.

Lopez also argues for the first time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it does not require the

prior aggravated felony conviction to be proven as an element of the offense.  Lopez concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).  The district court's judgment is AFFIRMED.