IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50124
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL OLVERO-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-288-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Olvero-Martinez appeals his sentence after his guilty-plea conviction for illegally reentering the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that the district court erroneously increased his offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because "transporting aliens" is not an "alien smuggling offense" under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In United States v. Solis-Campozano, 312 F.3d 164, 167 (5th Cir. 2002), this court rejected the very argument that Olvero now raises and held that "transporting aliens" is an "alien smuggling offense" for purposes of § 2L1.2(b)(1)(A)(vii). Id. Accordingly, Olvero's argument is foreclosed.

Olvero also argues that his sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). Olvero complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior removal following an aggravated felony conviction. He argues that the sentencing provision is unconstitutional. Alternatively, Olvero contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Almendarez-Torres, 523 U.S. at 239-47. Olvero acknowledges that his arguments are foreclosed by Almendarez-Torres but asserts that the decision has been cast into doubt by Apprendi v. New Jersey,

530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.