IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50583
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS BANDA-VASQUEZ, also known as Jose Banda,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-649-ALL
--------------------
March 14, 2003

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jose Luis Banda-Vasquez (Banda) appeals the sentence following his guilty-plea conviction for being found in the United States after a prior deportation, in violation of 8 U.S.C. § 1326(a) and (b). He argues that his prior conviction for transporting aliens within the United States is not an alien smuggling offense under U.S.S.G. § 2L1.2. This argument is

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosed by our decision in United States v. Solis-Campozano, 312 F.3d 164, 167 (5th Cir. 2002).

Next, Banda argues that the district court erred in going beyond the statute of conviction and the charging instrument to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii). He contends that the district court must employ a categorical approach to determine whether his prior alien transporting offense was committed for profit.

Banda did not make this argument below, and concedes that our review is for plain error. Assuming without deciding that the district court and the probation officer were obliged under our precedents to take a categorical approach, and plainly erred in doing otherwise, we decline to correct such an error because it did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997). Banda does not dispute that his prior offense was in fact committed for profit. His only complaint is that the probation officer and district court went the extra mile in determining the true nature of his prior offense. In our view, this effort does not merit correction under the plain error standard.

Banda also contends that his sentence is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his prior felony conviction was not alleged in his indictment. Banda

acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but seeks to preserve the issue for further review. The judgment of the district court is AFFIRMED.