United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41181
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RAMIREZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-268-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Ramirez-Gonzalez appeals his guilty-plea conviction

and sentence for illegally reentering the United States after a

previous deportation subsequent to a conviction for an aggravated

felony in violation of 8 U.S.C. § 1326(a) and (b). Ramirez

argues that the district court erred when it increased his

offense level by sixteen levels pursuant to U.S.S.G.

§ 2L1.2(b)(1)(A)(vii) due to his prior conviction for

transporting undocumented aliens within the United States, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he contends is not an alien smuggling offense.  He acknowledges that this argument is foreclosed by <u>United States v. Solis-Campozano</u>, 312 F.3d 164 (5th Cir. 2002), <u>petition for cert. filed</u>, (U.S. Mar. 6, 2003)(No. 02-9474), but seeks to preserve the issue for possible further review.  In <u>Solis-Campozano</u>, 312 F.3d at 167-68, we held that the term "alien smuggling offense," as used in U.S.S.G. § 2L1.2(b)(1)(A) includes the offense of transporting aliens within the United States.  Thus, the 16-level increase to Ramirez's offense level was not error.

Ramirez argues for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because a prior felony conviction is an element of the offense of illegal re-entry, and not merely a sentence enhancement, and should have been charged in the indictment and proven beyond a reasonable doubt.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239-47 (1998), but seeks to preserve it for possible further review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90.  We must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(internal quotation marks and citation omitted).

Accordingly, the judgment of the district court is AFFIRMED.