United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41102
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO ROBLES-SALAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-175-1
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ramiro Robles-Salas (Robles) appeals the sentence following his guilty-plea conviction for being found in the United States after a prior deportation, in violation of 8 U.S.C. § 1326. He argues that the district court erred in going beyond the statute of conviction and the charging instrument to determine that a 16-level increase in his offense level was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(vii). This argument is foreclosed by our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision in <u>United States v. Sanchez-Garcia</u>, 319 F.3d 677 (5th Cir. 2003).

Robles again challenges the 16-level increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) on the basis that his 1996 conviction for alien transporting is not an alien smuggling offense. He acknowledges that this argument is foreclosed by <u>United States v. Solis-Campozano</u>, 312 F.3d 164 (5th Cir. 2002), but seeks to preserve the issue for possible further review. In <u>Solis-Campozano</u>, 312 F.3d at 167-68, we held that the term "alien smuggling offense," as used in U.S.S.G. § 2L1.2(b)(1)(A) includes the offense of transporting aliens within the United States. Thus, the 16-level increase to Robles' offense level was not error.

Robles argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because a prior felony conviction is an element of the offense of illegal re-entry, and not merely a sentence enhancement, and should have been charged in the indictment and proven beyond a reasonable doubt. He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239-47 (1998), but seeks to preserve it for possible further review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90. We must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court

itself determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(internal quotation marks and citation omitted).

AFFIRMED.