United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41548
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RUBEN LEONIDES-JAIMES,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-182-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ruben Leonides-Jaimes appeals his guilty-plea conviction and

sentence for being found in the United States, without

permission, following deportation, in violation of 8 U.S.C.

§ 1326.  For the first time on appeal, Leonides-Jaimes argues

that the district court erred by enhancing his base offense level

sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based

on a determination that his prior convictions for conspiring to

transport and transporting aliens within the United States were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alien smuggling offenses.  In <u>United States v. Solis-Campozano</u>, 312 F.3d 164, 167-68 (5th Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 1811 (2003), this court held that the term "alien smuggling offense," as used in U.S.S.G. § 2L1.2(b)(1)(A) includes the offense of transporting aliens within the United States. Accordingly, the district court did not err in sentencing Leonides-Jaimes under that guideline.

Leonides-Jaimes also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not an element of an offense under 8 U.S.C. § 1326.  Leonides-Jaimes's argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239-47 (1998).  <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000), did not overrule that decision.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  The district court did not err in sentencing Leonides-Jaimes under 8 U.S.C. § 1326(b).

Leonides-Jaimes concedes that both of his appellate arguments are foreclosed.  He raises the issues solely to preserve them for possible further review.  Because Leonides-Jaimes's arguments are foreclosed, the district court has filed a motion requesting summary affirmance of the district court's judgment.  The motion is GRANTED.  The judgment of the district court is AFFIRMED.