**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40030
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

JOSE ANTONIO SILVA-SEGURA

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-659-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

The Government appeals from the sentence imposed on Jose
Antonio Silva-Segura ("Silva") for illegal reentry following
deportation.  The Government contends that the district court
erred by failing to impose a 16-level upward adjustment to
Silva's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a
previous conviction of transporting aliens for financial gain, an
offense the Government argues was a conviction of an alien
smuggling offense committed for profit.  Silva concedes error but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

presents an argument against the 16-level adjustment to preserve the issue for further review.

Transporting aliens for profit is an "alien smuggling offense committed for profit," U.S.S.G. § 2L1.2(b)(1)(A), warranting the 16-level upward adjustment. *United States v. Solis-Campozano*, 312 F.3d 164, 167 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1811 (2003). Pursuant to *Solis-Campozano*, which was decided after the imposition of sentence on Silva, a 16-level adjustment was appropriate for Silva's conviction of transporting aliens for financial gain.

VACATED AND REMANDED.