United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40118
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MARTIN GAONA-TOVAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-1309-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Angel Martin Gaona-Tovar appeals his conviction and sentence following his guilty plea conviction for attempted illegal reentry into the United States subsequent to deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Gaona-Tovar argues that the district court erred by enhancing his base offense level sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based on a determination that his prior conviction for transporting an unlawful alien was an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alien smuggling offense.  As Gaona-Tovar concedes, his argument is foreclosed by United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002), cert. denied, 538 U.S. 991 (2003).

For the first time on appeal, Gaona-Tovar argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  Gaona-Tovar acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he wishes to preserve the issues for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, Gaona-Tovar's arguments are foreclosed, and his conviction and sentence are AFFIRMED.  We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Gaona-Tovar was convicted of a violation of 8 U.S.C. § 1326 for attempted illegal reentry, not illegal reentry, into the United States after deportation.