**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 9, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 04-41081
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

POLO GAONA-RODRIGUEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
5:04-CR-00497

---

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Polo Gaona-Rodriguez ("Gaona") challenges his sentence following his guilty plea for illegal reentry. Because Gaona properly preserved his objection to the district court's use of the mandatory sentencing guidelines regime, we AFFIRM the conviction but VACATE and REMAND for resentencing in accordance with the post-Booker sentencing regime.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

Gaona pleaded guilty to illegal reentry following deportation and was sentenced to a term of imprisonment of forty-six months to be followed by a three-year term of supervised release. The presentence report (PSR) recommended that Gaona's base offense level of 8 be increased by sixteen levels because he had a prior conviction for the transportation of illegal aliens, aiding and abetting. He received a three-level reduction of his offense level for the acceptance of responsibility resulting in a total offense level of 21. Based on a criminal history category of III and an offense level of 21, Gaona's guideline sentencing range was forty-six to fifty-seven months.

During the sentencing hearing, Gaona objected to the sixteen-level enhancement based on a violation of the Sixth Amendment and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The district court stated that the Blakely issue was preserved for appellate review and overruled the objection.

Prior to the sentence being imposed, defense counsel argued that Gaona's criminal history consisted of one misdemeanor illegal reentry conviction and a conviction for transporting illegal aliens. With respect to the "alien smuggling" conviction, counsel argued that Gaona was told that if he guided some other aliens through the woods to their vehicle, he would not have to pay for his own trip. Counsel argued that in light of Gaona's minimal

criminal history, the large increase in his offense level for his prior conviction placed him in a higher guideline sentencing range than fairness dictated.

The district court responded, "It's the prior conviction for the transporting illegal aliens that ratchets him up." The district court imposed the minimum guideline sentence. Gaona filed a timely notice of appeal.

## DISCUSSION

Little discussion is warranted in this case. Gaona's claims of error relate to the imposed sentence. The Government concedes that Gaona properly preserved his claim under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), by raising an objection under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), at sentencing, and further concedes that the error was not harmless.[1] This concession is appropriate, as our caselaw interpreting <u>Booker</u> has recognized even an <u>Apprendi</u> objection as sufficient to preserve Sixth Amendment error. <u>See</u> <u>United States v. Pineiro</u>, 410 F.3d 282, 285 n.1 (5th Cir. 2005) (noting that raising an <u>Apprendi</u>-based objection was sufficient to preserve both a <u>Blakely</u> error and a <u>Booker</u> error); <u>see also</u> <u>United States v. Okoro</u>, 407 F.3d 360, 375-76 (5th Cir. 2005) (finding that repeated objections to the district court's loss calculation method sufficient to preserve <u>Booker</u> error even where defendant did not

---

[1] As the Government further concedes the error is not harmless, we will not conduct a harmless error analysis here.

3

specifically cite the Sixth Amendment, <u>Apprendi</u>, or <u>Blakely</u>). <u>Apprendi</u> error formed the basis for <u>Blakely</u> as well as <u>Booker</u>, so Gaona properly preserved the claim of error by invoking <u>Blakely</u> at sentencing. His sentence therefore must be vacated and remanded for resentencing in accordance with <u>Booker</u>.

In so doing, we observe that Gaona concedes his two contentions based on the sixteen-level enhancement for an "alien smuggling offense" and on the unconstitutionality of 8 U.S.C. § 1326(b) are foreclosed by prior precedent in this circuit. <u>United States v. Solis-Campozano</u>, 312 F.3d 164 (5th Cir. 2002) (construing U.S.S.G. § 2L1.2(b)(1)(A)(vii); <u>U.S. v. Rodriguez-Montelongo</u>, 263 F.3d 429, 434 (5th Cir. 2001) (§ 1326(b)).

**CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.**

4