United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40154
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIA DEL CARMEN ORTIZ-DE BADILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1213-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lucia Del Carmen Ortiz-De Badillo appeals from her guilty-plea conviction for illegal reentry following deportation. Ortiz-De Badillo argues that the district court erred by relying on the presentence report to determine that her prior conviction for alien smuggling was committed for profit. Ortiz-De Badillo concedes that this issue is foreclosed by United States v. Sanchez-Garcia, 319 F.3d 677 (5th Cir. 2003).

Ortiz-De Badillo argues that the district court erred when it applied U.S.S.G. § 2L1.2(b)(1)(A) because transportation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal aliens is not "alien smuggling."  Ortiz-De Badillo
concedes that this argument is foreclosed by United States v.
Solis-Campozano, 312 F.3d 164 (5th Cir. 2002).

For the first time on appeal, Ortiz-De Badillo argues that
the "felony" and "aggravated felony" provisions of 8 U.S.C.
§ 1326(b) are unconstitutional in light of Apprendi v. New
Jersey, 530 U.S. 466 (2000).  Ortiz-De Badillo concedes that this
argument is foreclosed by Almendarez-Torres v. United States, 523
U.S. 224 (1998).  See United States v. Dabeit, 231 F.3d 979, 984
(5th Cir. 2000).

Also for the first time on appeal, Ortiz-De Badillo argues
that the district court erred in sentencing her under a mandatory
sentencing guidelines scheme.  See United States v. Booker, 125
S. Ct. 738, 756 (2005).  Ortiz-De Badillo acknowledges that this
argument is reviewed for plain error, but argues that she does
not have to show that the district court's error affected her
substantial rights because the error is structural and because
prejudice should be presumed.

Plain error is the correct standard of review.  See United
States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005),
petition for cert. filed (July 11, 2005) (No. 05-5297).  The
district court committed error that is plain when it sentenced
Ortiz-De Badillo under a mandatory sentencing guidelines regime.
See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th
Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-

5556); United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Ortiz-De Badillo fails to meet her burden of showing that the district court's error affected her substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)(No. 05-5535).

AFFIRMED.