**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40737
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

HECTOR HERNANDEZ-MESA,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1902-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Hector Hernandez-Mesa appeals his sentence following a
guilty-plea conviction for being an alien found in the United
States after deportation in violation of 8 U.S.C. § 1326.

     For the first time, Hernandez-Mesa argues that the district
court committed reversible plain error by adding 16 levels to his
base offense level because he was convicted, prior to
deportation, of a felony alien smuggling offense pursuant to 8
U.S.C. § 1324.  Because he was convicted of transporting illegal

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aliens, an offense different from alien smuggling, Hernandez-Mesa concludes that the addition of 16 levels was unwarranted.  He concedes that this argument is foreclosed by United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002).  He nevertheless seeks to preserve the issue for possible Supreme Court review.

In Solis-Campozano, we concluded that all of the offenses listed in § 1324(a)(1)(A), which include transporting and harboring illegal aliens, are "alien smuggling" offenses for purposes of § 2L1.2(b)(1)(A)(vii).  312 F.3d at 167-68.  Hernandez-Mesa's argument is thus foreclosed.  See id.

For the first time, Hernandez-Mesa argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional, both facially and as applied, under Apprendi v. New Jersey, 530 U.S. 466 (2000).  He correctly concedes that this argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but nevertheless he seeks to preserve the issue for possible Supreme Court review.  See United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (noting that the Supreme Court in Apprendi did not overrule Almendarez-Torres), petition for cert. filed (July 22, 2005) (No. 05-5469).

Hernandez-Mesa argues for the first time in a supplemental letter brief that his sentence is illegal under United States v. Booker, 125 S. Ct. 738 (2005), because the district court

sentenced him under the mistaken belief that the guidelines were mandatory.  Review is for plain error.  <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).  Nothing in the record indicates that the district court would have imposed a different sentence had the guidelines been advisory.  <u>Id.</u>

Accordingly, the judgment of the district court is AFFIRMED.