United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40851
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO DE JESUS URBINA-MONCADA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-132-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Domingo De Jesus Urbina-Moncada (Urbina) appeals from his
guilty-plea conviction for illegal reentry following deportation.
Urbina argues, for the first time on appeal, that the district
court erred by enhancing his base offense level sixteen levels
pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based on a
determination that his prior conviction for transporting unlawful
aliens was an alien smuggling offense.  As Urbina concedes, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by <u>United States v. Solis-Campozano</u>, 312 F.3d 164, 167-68 (5th Cir. 2002).

Also for the first time on appeal, Urbina argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in the light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Urbina concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). See <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Urbina argues that the district court erred in sentencing him under a mandatory Sentencing Guidelines scheme. See <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). The district court committed error that is plain in sentencing Urbina under a mandatory Sentencing Guidelines regime. See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556); <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). Urbina fails to meet his burden of showing that the district court's error affected his substantial rights. See <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34; <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>see also</u> <u>United States v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (July 26, 2005) (No. 05-5535).

AFFIRMED.