United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40688
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR MARIO DE LA ROSA-MASCORRO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-189-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Mario De La Rosa-Mascorro appeals his conviction and sentence for attempted reentry of an alien after having been deported. He argues that (1) the district court erred by increasing his base offense level 16 points under U.S.S.G. § 2L1.2(b)(1)(A)(vii) because his prior conviction for transporting illegal aliens was not an "alien smuggling offense"; (2) the provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence is unconstitutional under United States v. Booker, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory guidelines scheme.

De La Rosa's arguments that his prior conviction for transporting illegal aliens was not an alien-smuggling offense and that the provisions of 8 U.S.C. § 1326(b) are unconstitutional are foreclosed by United States v. Solis-Campozano, 312 F.3d 164 (5th Cir. 2002), and Almendarez-Torres v. United States, 523 U.S. 224 (1998).

De La Rosa first challenges the Booker error as structural in nature and argues that prejudice should be presumed. This court rejected that argument in United States v. Martinez-Lugo, ___ F.3d ___, 2005 WL 1331282 *2 (5th Cir. June 7, 2005), and determined that an unpreserved error challenging the mandatory nature of the guidelines is subject to a plain-error analysis. Because De La Rosa did not raise this issue in the district court, the remaining argument is subject to a plain-error analysis. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005).

In order to establish that he is entitled to relief under a plain-error analysis, De La Rosa must show that an error was committed, which was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-37

(1993).  If these factors are established, the decision to correct the error is within the sound discretion of this court, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. at 736.

The district court committed error that is plain by sentencing De La Rosa under a mandatory sentencing guidelines scheme.  Valenzuela-Quevedo, 407 F.3d at 733.  To establish that his substantial rights were affected, De La Rosa bears the burden of establishing that the sentencing court would have reached a different result under an advisory scheme.  Mares, 402 F.3d at 521.  De La Rosa meets his burden.  The district court unequivocally stated that it would impose a lesser sentence if it were not bound by the guidelines.  Accordingly, De La Rosa's conviction is AFFIRMED.  His sentence is VACATED, and the matter is REMANDED for resentencing.