United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO ROBINSON ESCOBEDO-ESCAMILLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-508-1

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramiro Robinson Escobedo-Escamilla (Escobedo) appeals his guilty-plea conviction and 46-month sentence for illegal reentry following deportation. Escobedo argues that the district court improperly enhanced his base offense level because his prior alien-transporting offense did not constitute an "alien smuggling" offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii). As Escobedo concedes, this assertion is without merit. See United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Escobedo also argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors.  Escobedo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Escobedo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Escobedo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Escobedo also contends that the district court erred in sentencing him pursuant to the mandatory guideline regime held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 764-65 (2005).  The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).

CONVICTION AFFIRMED; VACATED AND REMANDED FOR RESENTENCING.