United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40958
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO ENRIQUE CRUZ,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(1:04-CR-152-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leonardo Enrique Cruz appeals his guilty-plea conviction and sentence for being present in the United States following deportation. Cruz claims that the district court erred in applying Sentencing Guidelines § 2L1.2(b)(1)(A)(vii) because transportation of illegal aliens is not "alien smuggling". Cruz concedes this claim is foreclosed by *United States v. Solis-Campozano*, 312 F.3d 164, 167-68 (5th Cir. 2002), which held "alien smuggling offense" includes the offense of transporting aliens within the United States. He raises this issue to preserve it for further review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cruz also claims the district court reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) by sentencing him pursuant to a mandatory application of the sentencing guidelines. There was no "*Booker*" error (Sixth Amendment violation) because the only enhancement to Cruz's sentence was for his prior conviction. *See Booker*, 125 S. Ct. at 756, 769. Nevertheless, the district court committed "*Fanfan*" error by sentencing Cruz pursuant to a mandatory guidelines system. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005). A *Fanfan* error is not structural error. *See United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005).

The Government concedes that Cruz preserved his *Fanfan* claim. Accordingly, we review for harmless error beyond a reasonable doubt. *See Walters*, 418 F.3d at 464. There is no evidence in the record that the district court would have imposed the same sentence had the guidelines been advisory. Accordingly, we vacate the sentence and remand for resentencing.

Cruz contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face, and as applied in his case, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Cruz's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Cruz contends that *Almendarez-*

2

*Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See* *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Cruz properly concedes that his claim is foreclosed; he raises it to preserve it for further review.

    *CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING*