United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40691
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE LUIS LOPEZ-GARCES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2323-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Lopez-Garces (Lopez) appeals his sentence imposed

following his guilty plea for illegal reentry after deportation,

in violation of 8 U.S.C. § 1326(b)(2) and 6 U.S.C. §§ 202 and

507.  Lopez was sentenced to 50 months of imprisonment and three

years of supervised release.

    Lopez asserts for the first time on appeal that his prior

conviction for transporting illegal aliens should have resulted

in an 8-level aggravated felony enhancement pursuant to U.S.S.G.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(C), instead of a 16-level alien smuggling offense enhancement under § 2L1.2(b)(1)(A)(vii). Even though the Guidelines are advisory after United States v. Booker, 543 U.S. 220 (2005), this court continues to review the sentencing court's interpretation and application of the Guidelines de novo and factual findings with respect to the application of adjustments for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Because Lopez raises this issue for the first time on appeal, however, the standard of review is plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to show that the district court plainly erred, Lopez must show the existence of an error, that the error was clear and obvious, and that the error affected his substantial rights. Id. at 732-35. If these conditions are met, then this court will reverse the error only if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." Id. at 735-37.

Under the plain language of § 2L1.2, if a prior conviction falls in two categories of enhancements, the greater enhancement applies. While Lopez's prior conviction for transporting illegal aliens may be an aggravated felony and qualify for an 8-level enhancement, it is also an alien smuggling offense and qualifies for a 16-level enhancement. See United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002). As a result,

the district court did not err in applying the 16-level alien smuggling enhancement to Lopez's base offense level.

Lopez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  Lopez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  <u>See</u> <u>also</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Lopez properly concedes that his argument is foreclosed, but he raises it here to preserve it for further review.

Lopez further asserts that his sentence is excessive and therefore unreasonable under <u>Booker</u>.  The district court considered factors in addition to the sentencing range and sentenced Lopez to 50 months of imprisonment.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  This sentence is within the properly calculated advisory guidelines range and is presumptively reasonable. <u>United States v. Alonzo</u>, 435 F.3d 551, 554-55 (5th Cir. 2006). Lopez has failed to demonstrate that his properly calculated guidelines sentence was unreasonable.  <u>See</u> <u>id.</u>

The district court's judgment is AFFIRMED.