United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-21038
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GENARO SIERRA, also known as Genaro Sierra-Loviano,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-211
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Genaro Sierra appeals his guilty-plea conviction and
50-month sentence for illegal reentry following previous
deportation.  Sierra contends that the district court erred in
applying a 16-level enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(vii) because the Government failed to prove that
he was convicted of a prior alien smuggling offense, and as such
a prior "aggravated felony" pursuant to 8 U.S.C. § 1326.

    Because Sierra raises this issue for the first time on
appeal, the standard of review is plain error.  See United States

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Olano, 507 U.S. 725, 731-32 (1993).  The district court adopted the presentence report (PSR), which recommended a 16-level enhancement to Sierra's sentence on the ground that he had previously been deported following a criminal conviction for "aiding and abetting illegal alien transportation (an alien smuggling offense)."  Sierra did not present any rebuttal evidence or otherwise demonstrate that the information regarding the existence of his prior conviction was unreliable.  See United States v. Valdez, 453 F.3d 252, 262 (5th Cir.), cert. denied, 127 S. Ct. 456 (2006).  Moreover, at his rearraignment, Sierra agreed to the Government's statement that he had a 2000 conviction for aiding and abetting illegal alien transportation, which has been held to be an alien smuggling offense that qualifies for a 16-level enhancement.  See United States v. Solis-Campozano, 312 F.3d 164, 167-68 (5th Cir. 2002).  Accordingly, the district court did not plainly err in applying the 16-level enhancement under § 2L1.2(b)(1)(A)(vii) to Sierra's base offense level.

Sierra challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  Sierra's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Sierra contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sierra properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Sierra also contends that the district court committed two errors in computing his criminal history score. Specifically, he asserts that he should not have been assessed one criminal history point under U.S.S.G. § 4A1.1(e) for his 2005 driving while intoxicated (DWI) conviction and two points under U.S.S.G. § 4A1.1(b) for his prior illegal alien transportation conviction. Because Sierra did not object to the district court's computation of his criminal history score, review is for plain error. See United States v. Lopez, 923 F.2d 47, 49 (5th Cir. 1991). Assuming that the district court erred in the computation of Sierra's criminal history score, Sierra cannot show that his substantial rights were affected because the guidelines range, which Sierra was sentenced within, would remain the same. See Lopez, 923 F.2d at 51.

Sierra also argues that his sentence should be vacated because the district court based his sentence on a significant factual error. Specifically, he contends that the district court mistakenly believed that his DWI arrest occurred after his

daughter's surgery, rather than before, and thus the court erred in not believing that his motive for returning to the United States was because of his daughter's surgery.

Because Sierra raises this issue for the first time on appeal, review is for plain error. See Olano, 507 U.S. at 731-32. Whether Sierra committed the DWI offense prior to his daughter's surgery, rather than after, could have been resolved upon proper objection at sentencing. Thus, Sierra cannot demonstrate plain error as to that factual question. See Lopez, 923 F.2d at 50. Additionally, contrary to Sierra's assertion, it was not improper for the district court to consider Sierra's criminal history when imposing his sentence. See 18 U.S.C. § 3553(a).

Sierra challenges the district court's denial of his motion for a downward departure. However, this court does not have jurisdiction to review this claim. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). Further, Sierra cannot show that his substantial rights were affected by the district court's judgment ordering his sentence in the instant case to run consecutively to an anticipated federal revocation sentence. The judgment from Sierra's revocation indicates that the district court ordered Sierra's six-month revocation sentence to run consecutively to the 50-month federal sentence imposed in the instant case. Thus, Sierra would still be subject to the same sentence if this court were to vacate and

remand for resentencing.  Accordingly, the judgment of the district court is AFFIRMED.