[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10415
Non-Argument Calendar

_____

D. C. Docket No. 04-00189-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE ZARABIA,
a.k.a. Vicente Zarabia-MiDueno,
a.k.a. Manuel Acosta DeJesus,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2005)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Vicente Zarabia appeals his 77-month sentence after pleading guilty to being a previously deported alien found in the United States without the government's permission, in violation of 8 U.S.C. § 1326(a). Relying on United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), Zarabia argues that the district court erred when it enhanced his sentence based on facts not charged in the indictment or admitted by him. After review, we vacate Zarabia's sentence and remand for resentencing.

## I. BACKGROUND

Zarabia pled guilty, without a plea agreement, to being a previously deported alien found in the United States without the government's permission.

### A. Plea Colloquy

During the plea colloquy, the government set forth the following facts, which Zarabia admitted as true. Zarabia, a Mexican citizen, was deported from the United States on May 27, 1998. Thereafter, Zarabia was found in the United States without the permission of the government.

Also during the plea colloquy, the government stated that Zarabia had prior felony convictions for delivery of a usable quantity of marijuana and for transporting a certain alien within the United States. Zarabia responded that he was stipulating only to the facts required to prove the charge in the indictment and

2

not admitting to his prior convictions.

**B.    PSI and Sentencing**

The Presentence Investigation Report ("PSI") recommended a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a).  The PSI noted that Zarabia had a prior conviction for transporting a certain alien within the United States and that this conviction qualified as an alien smuggling offense under U.S.S.G. § 2L1.2(b)(1)(A)(vii).[1]  Thus, the PSI recommended that Zarabia's offense level be increased by 16 levels because Zarabia previously had been deported after committing an alien smuggling offense.  U.S.S.G. § 2L1.2(b)(1)(A)(vii).  The PSI further recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  With a total offense level of 21 and a criminal history category of VII, Zarabia's Guidelines range was 77-96 months' imprisonment.

Prior to sentencing, Zarabia objected, pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), to the PSI's recommendation of a 16-level

---

[1]According to the PSI, in December 1997, Zarabia pled guilty in the Southern District of Texas to transporting a certain alien within the United States.  This offense is set forth in 8 U.S.C. § 1324(a)(1)(A)(ii), which provides for punishment for any person who

> knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law.

8 U.S.C. § 1324(a)(1)(A)(ii).

enhancement. At the sentencing hearing, Zarabia renewed his <u>Blakely</u> objection. The district court overruled Zarabia's <u>Blakely</u> objection, adopted the PSI's Guidelines calculation, and sentenced Zarabia to 77 months' imprisonment and 3 years' supervised release.

## II. DISCUSSION

On appeal, Zarabia argues that the district court violated his Sixth Amendment rights by sentencing him based upon a prior conviction for alien smuggling that he did not admit, and by sentencing him under a mandatory Guidelines scheme.

Because Zarabia timely raised a <u>Blakely</u> objection in the district court, we review his <u>Blakely</u>, now <u>Booker</u>, claim <u>de novo</u>. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

In <u>Booker</u>, the Supreme Court held that <u>Blakely</u> applied to the Sentencing Guidelines. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1297-98 (11th Cir.), <u>cert. denied</u>, 125 S. Ct. 2935 (2005). "Under <u>Booker</u>, there are two kinds of sentencing errors: one is constitutional and the other is statutory." <u>United States v. Dacus</u>, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither

4

admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298 (emphasis omitted). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that the district court did not violate Zarabia's Sixth Amendment rights. This Court repeatedly has concluded that an enhancement based on prior convictions does not constitute a Sixth Amendment violation under Booker. See, e.g., United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) ("[W]e find no merit in Gallegos-Aguero's argument that the Sixth Amendment requires that a jury, not a judge, must determine whether his prior conviction is within the category of offenses specified in § 2L1.2(b)(1)(A)(vii)."); United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). In this case, the district court increased Zarabia's offense level by 16 levels because of a prior conviction for transporting a certain alien within the United States, which qualifies as an alien smuggling offense.[2] Thus, the district court in this case did not violate Zarabia's Sixth Amendment rights by enhancing his sentence based on his prior conviction.

---

[2]According to the PSI, in December 1997, Zarabia pled guilty in the Southern District of Texas to transporting a certain alien within the United States.

Although there is no Sixth Amendment violation in this case, the district court committed statutory <u>Booker</u> error in sentencing Zarabia under a mandatory Guidelines regime. Thus, we must determine whether the statutory error in Zarabia's sentencing is harmless. <u>See</u> <u>Paz</u>, 405 F.3d at 948.

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks, brackets, ellipses, and citations omitted). The burden is on the government to show that the error was harmless and the standard "is not easy for the government to meet." <u>Id</u>.

After briefing, the government filed a concession of sentencing error and conceded that it could not "meet its burden of showing that the district court's <u>Booker</u> error did not affect the sentence or had 'but very slight effect.'" There is no evidence or any indication in the record revealing what effect, if any, changing from a mandatory to an advisory approach would have had on the district court's sentencing decision. "We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory,

6

and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005).[3]

Accordingly, we vacate Zarabia's sentence and remand his case to the district court for resentencing.[4] Because we are remanding the case to the district court, we note that the district court correctly calculated Zarabia's Guidelines range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines").

However, there is one Guidelines issue that needs to be addressed. On appeal, Zarabia argues that he did not stipulate to the characterization of his transporting a certain alien as an "alien smuggling offense" for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)(vii). He further argues that the district court erred in

_____

[3]Although the government conceded that it could not meet its burden on the present record, the government significantly also stated as follows:

> The United States does not concede, however, that the district court's Booker error in this case was harmful or that any sentence below the sentence that the district court imposed would have been reasonable under the circumstances in this case. The United States acknowledges only that the United States cannot show on the present record that the district court would not have imposed a different sentence if the district court would have known that the sentencing guidelines were advisory rather than mandatory and, consequently, cannot meet its burden of showing harmless error.

(Internal citation omitted).

[4]As a result of our disposition of this case, we dismiss as moot the government's motion to vacate and remand Zarabia's sentence.

finding that his offense was an alien smuggling offense, and thereby erred in increasing his offense level by 16 levels. We disagree.[5]

According to the Guidelines, an alien smuggling offense "has the meaning given that term in [8 U.S.C. § 1101(a)(43)(N)]." U.S.S.G. § 2L1.2, cmt. 1(B)(i). Section 1101(a)(43)(N) references the definition of alien smuggling set forth in 8 U.S.C. § 1324(a). See 8 U.S.C. § 1101(a)(43)(N).[6] In turn, 8 U.S.C. § 1324(a) provides that an alien smuggling offense includes transporting or attempting to transport an alien within the United States. Specifically, a person commits alien smuggling when that person "transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise. . . ." 8 U.S.C. § 1324(a)(1)(A)(ii). Thus, by referencing 8 U.S.C. § 1101(a)(43)(N),

---

[5]Zarabia did not make this argument in the district court. In the district court, Zarabia argued only that the 16-level enhancement violated his Sixth Amendment rights pursuant to Blakely. Therefore, we review Zarabia's argument for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).

To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects the defendant's substantial rights.'" Id. (quoting United States v. Cotton, 533 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).


[6]Section 1101(a)(43)(N) provides:
"As used in this chapter – [t]he term 'aggravated felony' means – an offense described in paragraph (1)(A) or (2) of Section 1324(a) of this title (relating to alien smuggling). . . ."
8 U.S.C. § 1101(a)(43)(N).

which in turn references 8 U.S.C. § 1324(a)(1)(A)(ii), the Guidelines define an alien smuggling offense to include transporting an alien within the United States. See U.S.S.G. § 2L1.2, cmt. 1(B)(i); see also United States v. Martinez-Candejas, 347 F.3d 853, 857 (10th Cir. 2003) ("[W]e conclude that conspiracy to transport and harbor illegal aliens constitutes 'an alien smuggling offense' under U.S.S.G. § 2L1.2(b)(1)(A)(vii)."); United States v. Solis-Campozano, 312 F.3d 164, 167 (5th Cir. 2002) ("Accordingly, 'an alien smuggling offense' as used in the Guidelines includes transporting aliens within the United States.").  Therefore, the district court did not err, let alone plainly err, in characterizing Zarabia's prior offense of transporting a certain alien within the United States as an alien smuggling offense for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)(vii).

Thus, on remand, the district court is required to sentence Zarabia under an advisory Guidelines regime, and shall consider the Guidelines range of 77-96 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)."  Booker, 125 S. Ct. at 757.[7]

**VACATED AND REMANDED**.

---

[7]We do not mean to suggest by our holding that the district court must impose any particular sentence on remand.  Rather, we merely hold that the government did not meet its burden of showing that the Booker statutory error was harmless.  We also do not attempt to decide now whether a particular sentence might be reasonable in this case.