United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN PATRICK DUNCAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-475-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stephen Duncan appeals his jury conviction and sentence for transporting an illegal alien in violation of 8 U.S.C. § 1324(a). He was sentenced to 15 months' imprisonment and three years' supervised release.

Duncan asserts that the government engaged in prosecutorial misconduct by improperly eliciting facts concerning his 2002 immi-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gration conviction, erroneously characterizing that conviction as a transportation of an illegal alien case and alien smuggling case, and overstating the weight to be afforded that conviction. In reviewing a claim of prosecutorial misconduct, we determine whether the prosecutor's remark was improper and, if so, whether it resulted in a violation of the defendant's substantial rights. United States v. Munoz, 150 F.3d 401, 414 (5th Cir. 1998); United States v. Ramirez-Velasquez, 322 F.3d 868, 874 (5th Cir. 2003). We consider the remark in the context of the trial, and the ultimate question is whether the remark casts serious doubt on the correctness of the verdict. Ramirez-Velasquez, 322 F.3d at 875; United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989).

In 2002, Duncan was convicted of knowingly aiding and abetting the illegal entry of an alien. The district court limited the admissibility of the facts surrounding that conviction to the facts contained in the judgment, which included the date of the conviction and the number of aliens involved in the offense. The fact that the 2002 immigration offense occurred near Cotulla, Texas, was not contained in the judgment and was an improper remark, but it was not material to the conviction, does not cast doubt on it, and does not amount to error.

As for Duncan's prosecutorial misconduct claims regarding the government's characterization of his 2002 immigration offense, the remarks were not improper. The judgment of that conviction states that Duncan was found guilty of the offense because he attempted to

transport aliens in furtherance of their illegal entry into the United States.  Additionally, aiding and abetting the illegal entry of an alien, transporting an illegal alien, and alien smuggling are related offenses.  See United States v. Reyes-Ruiz, 868 F.2d 698, 701-03 (5th Cir. 1989), overruled on other grounds by United States v. Bachynsky, 934 F.2d 1349 (5th Cir. 1991) (en banc); United States v. Solis-Campozano, 312 F.3d 164, 166-68 (5th Cir. 2002).

The government's remarks in closing argument were not improper.  They suggested to the jury the inferences and conclusions the government wanted the jury to draw from the evidence and how to analyze, evaluate, and apply the evidence presented at trial.

Duncan contends the evidence was insufficient to support his conviction.  On appeal, he challenges only the knowledge and intent elements of 8 U.S.C. § 1324(a)(1)(A)(ii).  See United States v. Romero-Cruz, 201 F.3d 374, 376 (5th Cir. 2000).

The evidence showed the following:  Duncan was transporting the illegal aliens at approximately 10:00 p.m. in an area not heavily traveled.  When the deputy turned on his lights in an attempt to pull Duncan to the side of the road, Duncan initially sped up but eventually stopped after traveling about half a mile.  The illegal aliens smelled of body odor and the woods, were dressed in layered clothing and jackets despite the heat, and carried handmade slingshots.  One of them presumed that Duncan knew the five men were illegal aliens.  The illegal aliens could speak little, if no, English.  After some sign or gesture from them, Duncan stopped his

car, allowed five of them to get into his car, and drove away without speaking to them. Before the deputy stopped Duncan, Duncan had passed up three direct routes to Cotulla and seemed to be driving away from Cotulla.

Duncan was convicted in 2002 for aiding and abetting the illegal entry of an alien. Accordingly, a jury could conclude that the evidence proved beyond a reasonable doubt that he was guilty of transporting an illegal alien. See Romero-Cruz, 201 F.3d at 376.

Duncan asserts for the first time on appeal that, in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), his sentence is invalid because the district court applied the sentencing guidelines as if they were mandatory. We review for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Duncan is unable to establish plain error with regard to his Booker claim, because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. See Mares, 402 F.3d at 520-22; Valenzuela-Quevedo, 407 F.3d at 733-34.

Duncan also asserts that the application of the Mares plain

error standard is contrary to the plain error standard enunciated in <u>United States v. Dominquez Benitez</u>, 542 U.S. 74 (2004). Duncan's challenge to the showing required under <u>Mares</u> is unavailing. One panel of this court may not overrule or ignore a prior panel decision. <u>See</u> <u>United States v. Ruiz</u>, 180 F.3d 675, 676 (5th Cir. 1999).

Accordingly, Duncan's conviction and sentence are AFFIRMED.